# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**ERIC LEE ERICKSON,**

    **Plaintiff,**

**vs.**　　　　　　　　　　　　　　　　　　**Case No. 4:11cv47-RH/WCS**

**PAMELA JO BONDI,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se*, has filed a civil rights complaint under 42 U.S.C. § 1983. Doc. 1. In a separate order entered this day, I have granted Plaintiff's motion for leave to proceed *in forma pauperis*, doc. 2, and the complaint has been reviewed pursuant to 28 U.S.C. § 1915A.

Plaintiff is currently detained in the Leon County Jail, and sues the Attorney General for the State of Florida. Doc. 1, p. 2. Plaintiff states, however, that he wants to filed this complaint "against all Tallahassee criminal division attorneys" because "no attorney representing a defendant at first open court arraignment." *Id.*, at 5. Plaintiff alleged that the judge read the "probable cause charges" and no attorney challenged

probable cause or even spoke to the defendant. *Id.* Furthermore, when Plaintiff says he tried to speak and defend himself, the judge told Plaintiff to "shut up." *Id.*

If Plaintiff seeks to challenge his detention and custody, that must be done through a habeas petition, *after* exhausting state court remedies, and not through a civil rights case. There are "two broad categories of prisoner petitions: (1) those challenging the fact or duration of confinement itself; and (2) those challenging the conditions of confinement." Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *see also* Hill v. McDonough, 126 S.Ct. 2096, 165 L.Ed.2d 44 (2006)(holding that challenge to lethal injection procedures may be brought in § 1983 action). Habeas corpus is the exclusive remedy for a prisoner who challenges "the fact or duration of his confinement and seeks immediate or speedier release . . . ." Heck v. Humphrey, 512 U.S. 477, 481, 114 S.Ct. 2364, 2369 (1994). Where a litigant is not challenging the fact or duration of confinement, but rather the conditions of that confinement, then civil rights is the proper avenue of relief. *See* Porter v. Nussle, 122 S.Ct. 983, 989, 122 S.Ct. 983, 990, 152 L.Ed.2d 12 (2002), *citing* McCarthy v. Bronson, 500 U.S. 136, 111 S.Ct. 1737, 114 L.Ed.2d 194 (1991) and Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). The relief requested by Plaintiff cannot be provided to him as this federal court cannot direct the appointment of a particular attorney to represent Plaintiff in state court.

Furthermore, there is no allegation of any wrong doing by the Attorney General for the State of Florida. Plaintiff's case is, instead, being prosecuted by the State Attorney's Office for the Second Judicial Circuit (as Plaintiff is detained in the Leon

County Jail).  Plaintiff has not named the proper parties, nor has he alleged any wrong doing by the Defendant.  This case must be dismissed.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on February 18, 2011.

    S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**