**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

ERIC LEE ERICKSON,

    Plaintiff,

v.                                            CASE NO. 4:11cv47-RH/WCS

PAMELA JO BONDI,

    Defendant.

_____/

**ORDER OF DISMISSAL**

This case is before the court on the magistrate judge's report and recommendation, ECF No. 4, and the objections, ECF No. 6. I have reviewed *de novo* the issues raised by the objections.

The plaintiff is a defendant in an ongoing state-court prosecution. He has sued the state attorney general under 42 U.S.C. § 1983 asserting that it is unconstitutional for a state not to provide an attorney to an indigent defendant during the defendant's initial court appearance.

As the report and recommendation correctly concludes, in Florida the attorney general does not prosecute cases like the one that is pending against the

plaintiff. Instead, a state attorney—a different constitutional officer—prosecutes cases of that kind. Even if the plaintiff could properly bring a federal § 1983 claim against *someone*, it would not be the attorney general. The plaintiff's complaint thus must be dismissed.

And the case could not go forward anyway. A federal court ordinarily must abstain when the defendant in a state criminal case brings a § 1983 case in federal court asserting that the state court is violating the criminal-case defendant's constitutional rights as part of the ongoing state criminal proceeding. *See Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971). Thus instead of seeking immediate relief in federal court, a state criminal-case defendant must raise any constitutional claims in state court as part of the defense of the state prosecution. If convicted—and after exhausting state remedies—a state criminal-case defendant may file a federal petition for a writ of habeas corpus raising the constitutional claims.

The plaintiff's attempt to assert his constitutional claims in this § 1983 case while the state prosecution is ongoing is squarely at odds with *Younger*.

For these reasons,

IT IS ORDERED:

The report and recommendation is ACCEPTED. The clerk must enter

judgment stating, "The complaint is dismissed under 28 U.S.C. § 1915(e)(2)(B)."

The clerk must close the file.

      SO ORDERED on March 8, 2011.

                                  <u>s/Robert L. Hinkle</u>
                                  United States District Judge